O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV07-0595-DOC(FMOx)                                   Date: October 22, 2008

Title: MICHAEL SPARKS, et al. v. WEYERHAEUSER COMPANY

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                  Not Present
   Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS):  ORDERING MOTION FOR FINAL APPROVAL;
                           CONDITIONALLY GRANTING ATTORNEY'S FEES

   Before the Court is Plaintiffs' Application for Class Action Attorney's Fees and Costs. After considering the Application, the Court finds it appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the Application, and for the reasons set forth below, the Court hereby ORDERS the parties to file a Motion for Final Approval, and conditionally GRANTS the Application pending approval of the settlement.

## I.   BACKGROUND

   Plaintiffs are hourly employees at Defendant Weyerhaeuser Company's ("Weyerhaeuser") Anaheim cardboard plant. They claim that they were denied 30-minute meal periods and 20-minute rest periods as required by the California Labor Code. Weyerhaeuser contends that these claims are barred by the collective bargaining agreements in effect for the Anaheim plant. Weyerhaeuser further contends that its liability must be proportionally offset based on the provision of

20-minute meal periods.

Plaintiffs filed a class action complaint in Orange County Superior Court on April 23, 2007. Weyerhaeuser then removed to this Court on May 23, 2007. Plaintiffs filed the operative First Amended complaint on August 20, 2007, and Weyerhaeuser answered on September 11, 2007.

The parties made their initial Rule 26 disclosures in November 2007. Weyerhaeuser's disclosures included extensive payroll data for the relevant period. Using this data, Plaintiffs' expert determined the amount of back wages at $1,602,024.30 for failure to provide meal-period breaks. The expert also calculated interest of $572,515.00. This brought the total possibility liability to $2,174,539.

Through an all-day mediation on January 24, 2008, the parties settled the matter for $1,975,000. Plaintiffs filed a Motion for Preliminary Approval on June 13, 2008, which the Court granted on July 8, 2008.

## II.   FINAL APPROVAL OF SETTLEMENT

No objection has been filed with the Court and no class member appeared on the date of the Final Fairness Hearing to object in person. Accordingly, the Court anticipates that the parties will file a Motion for Final Approval of the Settlement.

## III.   ATTORNEY'S FEES

Plaintiffs' counsel seek $197,500 in attorney's fees. Counsel will pay out actual costs of $19,695.05. Accordingly, counsel will ultimately take home $177,804.95. This amounts to approximately 10% of the common fund generated for Plaintiffs.

In cases that generate a common fund, the Court may base an award of attorney's fees on a specified percentage of the fund or a lodestar method. *In re Washington Pub'c Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). The decision of which method to use rests in the district court's discretion. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

In using the percentage approach, the Ninth Circuit has set 25% of the common fund as the benchmark for attorney's fees. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

Plaintiffs' counsel has agreed to accept less than one-half of the benchmark, approximately 9% of the total fund.

The following factors support approval of the request attorney's fee award.  First, counsel was extraordinarily successful in obtaining a settlement of almost 100% of the potential award. *See Six Mexican Workers*, 904 F.2d at 1311.  In all likelihood the costs of continuing litigation would have outweighed the difference between the settlement and the total potential award.  Second, no class member has objected to the settlement or the proposed fee. *See Fischel v. Equitable Life Assurance Co.*, 307 F.3d 997, 1006 (9th Cir. 2002).  Third, the award is not so large that a percentage-based fee would be improper. *In re Washington Pub'c Power Supply*, 19 F.3d at 1296-97.

Although the settlement occurred early in litigation, this fact is more than offset by the reduction from the benchmark of 25% to less than 10% of the common fund for fees.  In light of the minimal amount of fees sought by counsel, and counsel's great success in obtaining a very favorable settlement, the fee request is reasonable.

However, absent a Motion for Final Approval, and the Court's ruling on said Motion, the Application is premature.  Accordingly, Plaintiffs' Application for Attorney's Fees and Costs is hereby GRANTED conditionally pending final approval of the settlement.

## IV.    DISPOSITION

The parties SHALL file a Motion for Final Approval of the Settlement within thirty (30) days of the date of this order.

Plaintiffs' Application for Attorney's Fees and Costs is hereby GRANTED on the condition that the settlement is approved.

The Clerk shall serve this minute order on all parties to the action.